# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY L. HORTON, #02458-090, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 17-cv-0523-NJR ) |
| T. G. WERLICH, | ) ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Larry L. Horton, an inmate in the Bureau of Prisons, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). In December 2005, Horton was sentenced to a 300 month term of imprisonment after pleading guilty to possession with the intent to distribute 5 grams or more of a substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) (2002). His penalty was enhanced after the sentencing judge found Horton to be a career offender under U.S.S.G. § 4B1.1 based, in part, on three prior felony convictions: a 1987 federal conviction for Distribution of Cocaine, a 2002 Wisconsin conviction for Battery – Habitual Criminality, and a 1994 Wisconsin conviction for Possession with Intent to Deliver Marijuana. *United States v. Horton*, 05-cr-0089-WMC, Doc. 58, p. 5 (W.D. Wisc. Feb. 2, 2006). Of these three prior felonies, Horton challenges only the latter 1994 Wisconsin conviction pursuant to WIS. STAT. § 161.41(1m)(cm) (1993).[1]

Horton invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), to challenge the

---

[1] This statute has been amended since Horton's 1994 conviction and is now located at WIS. STAT. § 961.41(1m)(cm) (2014). This Order will refer to the statute with its designation at the time of Horton's conviction.

1

sentencing judge's reliance on his 1994 Possession with Intent to Distribute Marijuana conviction to support his designation as a career offender and argue that he is entitled to be resentenced without that designation. Specifically, Horton argues that because Wisconsin's controlled substance trafficking statute criminalizes the "delivery" of marijuana, but the Sentencing Guidelines' definition of a "controlled substance offense" under 4B1.2(b) refers to "distribution" and "dispensing" instead of "delivery," his 1994 conviction cannot qualify as a career offender predicate under *Mathis*. (Doc. 1, pp. 5–6).

Respondent opposes issuance of the writ on several grounds. First, Respondent argues that Horton cannot satisfy the requirements of Section 2255(e)'s savings clause because his *Mathis* argument was not foreclosed by binding precedent before *Mathis* was decided, and Horton's alleged harm cannot be deemed a "miscarriage of justice" because his sentence fell within the statutory maximum penalty for his crime of conviction notwithstanding his career offender designation. (Doc. 11, pp. 9–16). Respondent further argues that Horton procedurally defaulted on his current habeas claim by failing to raise it on direct appeal. (*Id*. at pp. 16–19). Respondent asserts that even if Horton's 1994 conviction was improperly considered as a basis for his career offender designation, his other two prior convictions, which Horton does not contest, were crimes of violence and/or controlled substance offenses as defined by the Guidelines and would still independently qualify him for the career offender designation. (*Id*. at pp. 8–9). Finally, Respondent argues that Horton's claim fails on the merits because the term "deliver" in the Wisconsin statute of his 1994 conviction is substantially identical to the use of "distribute" in the Guidelines and federal statute. (*Id*. at pp. 19–23).

Horton replied to Respondent's response. (Doc. 17). This matter is now ripe for resolution. For the reasons discussed below, Horton's Section 2241 Petition (Doc. 1) will be denied.

## RELEVANT FACTS AND PROCEDURAL HISTORY

Horton pleaded guilty to one count of Distribution of Cocaine Base, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), on October 3, 2005. *United States v. Horton*, Case No. 05-cr-0089-WMC, Doc. 49 (W.D. Wisc. October 3, 2005). Horton entered into a formal plea agreement, *id*. at Doc. 50, and did not object to his classification as a career offender under U.S.S.G. § 4B1.1(a) in the Presentence Report ("PSR"). *Id*. at Doc. 58, pp. 2–3. Horton's potential statutory sentencing range was a maximum of life imprisonment. 21 U.S.C. § 841(b)(1)(B) (2002); *id*. at Doc. 57, p. 6. The sentencing court determined that Horton had three qualifying career offender predicate felony convictions – a 1987 federal conviction for Distribution of Cocaine, a 2002 Wisconsin conviction for Battery – Habitual Criminality, and a 1994 Wisconsin conviction for Possession with Intent to Deliver Marijuana. *Id*. at Doc. 58, p. 5. During the sentencing hearing, the judge specifically noted that Horton's sentencing took place after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and that he was treating the Guideline range of 292-365 months as advisory. *Id*. at pp. 4-5. Horton was ultimately sentenced to 300 months' imprisonment on December 12, 2005. *Id*. at Doc. 53.

Horton filed a direct appeal, arguing, among other things, that the 300-month sentence was unreasonable, his sentencing counsel was ineffective, and the sentencing judge displayed bias during his sentencing hearing. *United States v. Horton*, 182 F. App'x 544, 546 (7th Cir. 2006). The Seventh Circuit dismissed his appeal. *Id*. at 546. Horton subsequently filed a motion under 28 U.S.C. § 2255 in the Western District of Wisconsin, arguing his sentence violated his due process rights and that his counsel was ineffective. *United States v. Horton*, Case No. 05-cr-0089-WMC, Doc. 64 (W.D. Wisc. July 19, 2006). That motion was denied, *id*. at Doc. 69, and the Seventh Circuit dismissed Horton's appeal. *Horton v. United States*, Case No. 06-3787, Doc. 8

(7th Cir. Jan. 3, 2007).

Horton then applied for leave to file a second Section 2255 motion on April 24, 2017, raising his *Mathis* argument for the first time. *Horton v. United States*, Case No. 17-1857, Doc. 1 (7th Cir. Apr. 24, 2017). In the panel's order dismissing Horton's application, the Seventh Circuit noted that "[n]one of the three cases cited by Horton affects a court's consideration of prior drug convictions and, thus, Horton does not state a claim to relief under *Johnson*, *Welch*, or *Mathis*." *Id*. at Doc. 4, pp. 1–2.

### APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to only *one* challenge of his conviction and sentence under Section 2255. A prisoner may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

It is possible, however, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Since *Davenport*, the Seventh Circuit has made it clear that "there must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available. In other words, something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## ANALYSIS

Horton argues that, pursuant to *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016),

5

his 1994 Wisconsin conviction for possession with intent to manufacture, distribute, or deliver marijuana should not have qualified as a predicate "controlled substance offense" for purposes of the career-offender enhancement found in the Sentencing Guidelines. (Doc. 1, pp. 4–10). Before reaching the merits of this argument, however, the Court must first consider whether Horton's claim can be brought within the narrow gate of the savings clause. The Court agrees with Respondent that Horton cannot demonstrate the existence of a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice, and thus he cannot satisfy the requirements of Section 2255(e)'s savings clause to bring his *Mathis* claim in a Section 2241 petition.

There are some errors that can be raised on direct appeal but not in a collateral attack such as a Section 2255 motion or a Section 2241 motion. In the Seventh Circuit, a claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for [Section] 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Sentencing Guidelines have been advisory and not mandatory since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *See Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). Horton was sentenced on December 12, 2005, after the *Booker* decision.[2]

---

[2] Although Horton was sentenced in the same year as the *Booker* decision, the transcript of the sentencing hearing makes it clear that the sentencing court both recognized *Booker*'s holding and its applicability to Horton's sentencing and explicitly stated that it was considering Horton's Guidelines range to be advisory and not mandatory. *United States v. Horton*, Case No. 05-cr-0089-WMC, Doc. 58, p. 4 (W.D. Wisc. Feb. 6, 2006).

While the sentencing court calculated a total guideline range of 292 to 365 months' imprisonment based in part on Horton's designation as a career offender under U.S.S.G. § 4B1.1(a), his applicable statutory sentencing range was 10 years to life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(B) (2002) and 21 U.S.C. § 851 (1970).[3] (Doc. 19-1, pp. 8–10, 15). Horton's 300-month sentence fell bellow the statutory maximum of life imprisonment.[4]

Horton argues that he could not have brought his claim within a year of his final conviction in 2005 because the argument he raises was foreclosed to him until after *Mathis* was decided in 2016. Even if the Court assumes that the first and second *Davenport* criteria have been met,[5] *Hawkins* dictates that an erroneous application of the advisory guidelines does not amount to a "miscarriage of justice" (the third *Davenport* factor) so long as the sentence is within the applicable statutory limit. Horton's Petition does not, therefore, meet the criteria to bring his claim within the savings clause of Section 2255(e).

There is no meaningful way to distinguish *Hawkins* from this case. The issue in *Hawkins* was the same as the issue raised by Horton here: the use of a prior conviction that would allegedly no longer qualify as a predicate conviction for the career offender guideline enhancement under

---

[3] The Court need not discuss whether Horton's guideline range and ultimate sentence, which was issued pursuant to the 2005 version of 21 U.S.C. § 841, comports with more recent amendments to that section which were made retroactive in 2018, because that is outside the scope of Horton's Petition and this Order. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018) (the "First Step Act"). Horton has filed a motion for relief pursuant to the First Step Act, which remains pending in the Western District of Wisconsin. *See United States v. Horton*, Case No. 05-cr-0089-WMC, Doc. 81 (W.D. Wisc. Jan. 2, 2019).

[4] Notably, Horton's 300-month sentence also fell within the statutory maximum of 40 years (480 months) imprisonment even assuming Horton had not committed his offense "after a prior conviction for a felony drug offense" which resulted in Horton's mandatory 10-year minimum sentence with the possibility of life imprisonment. 21 U.S.C. § 841(b)(1)(B) (2002).

[5] Because *Hawkins* dictates that Horton cannot possibly satisfy *Davenport*'s "miscarriage of justice" factor, which is dispositive of Horton's Petition, the Court need not decide whether Horton has satisfied the other two *Davenport* factors. For the same reason, the Court need not reach Respondent's additional arguments for dismissal of Horton's Petition.

current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Seventh Circuit summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). *Hawkins* remains binding precedent in this Circuit. Accordingly, Horton's Petition must be dismissed.

Finally, the Court notes that even if Horton's 1994 Wisconsin conviction *was* an improper predicate for Horton's career offender designation, Horton would have been properly considered a career offender under U.S.S.G. § 4B1.1(a)(2) because of his other two prior felony convictions, neither of which Horton contests in his Petition. Horton was previously convicted of Distribution of Cocaine in violation of federal law in 1987, which is undoubtably a "controlled substance offense" as defined by the Guidelines, and Battery – Habitual Criminality in violation of Wisconsin law in 2002, which the Seventh Circuit has held to be properly considered as a "crime of violence" under the Guidelines. *United States v. Peters*, 462 F.3d 716, 720 (7th Cir. 2006) (citing *United States v. Bissonette*, 281 F.3d 645, 646 (7th Cir. 2002)); *see also United States v. Horton*, Case No. 05-cr-0089-WMC, Doc. 58 (W.D. Wisc. Feb. 6, 2006). Thus, Horton had the requisite two prior felony convictions which rendered him a career offender under U.S.S.G. § 4B1.1(a), even if the 1994 Wisconsin conviction had been completely disregarded by the sentencing court in 2005. *See McCoy v. United States*, Case No. 16-cv-0631-MJR, 2017 WL 1233894, at *5 (S.D. Ill. Apr. 4, 2017).

## CONCLUSION

For these reasons, Horton's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Horton wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Horton plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Horton does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Horton to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  May 30, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**